**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-14384
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

ZACHARY CHANDLER,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:15-cr-60318-BB-1

_____

Before JILL PRYOR, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Zachary Chandler, a federal prisoner proceeding pro se, appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), asserting the district court

erred in concluding the amendment to 18 U.S.C. § 924(c)(1), for sentence stacking in section 403 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, was not made retroactive. The Government responds by moving for summary affirmance.

We grant the Government's motion for summary affirmance. *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969)[1] (explaining summary disposition is appropriate where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous"). Even construing his pro se brief liberally, Chandler failed to challenge on appeal the district court's independently sufficient grounds for denying his motion. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014) (stating when an appellant fails to challenge properly on appeal one of the multiple, independent grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and the judgment is due to be affirmed); *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) (stating we construe a pro se litigant's pleadings liberally); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (stating issues not briefed on appeal by a pro se litigant are deemed abandoned). On appeal, Chandler argues only that the district

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

court erroneously concluded that the amendment to § 924(c)(1) was not made retroactive.

The district court also found that a sentence reduction was not warranted under the § 3553(a) factors. *See United States v. Tinker*, 14 F.4th 1234, 1237-38 (11th Cir. 2021) (providing a district court may reduce a term of imprisonment under § 3582(c)(1)(A) "if (1) the § 3553(a) sentencing factors favor doing so, (2) there are 'extraordinary and compelling reasons' for doing so, and . . . (3) doing so wouldn't endanger any person or the community within the meaning of § 1B1.13's policy statement," and the absence of any of the three forecloses a sentence reduction). Chandler does not challenge the district court's determination that the § 3553(a) factors weighed against a sentence reduction. Although Chandler refers to the finding he was a danger to society in a section devoted to a statement of the issues, he does not develop any argument on that point and the argument section of his brief does not mention the district court's discussion of the § 3553(a) factors. Accordingly, he has abandoned this issue. *See Sapuppo*, 739 F.3d at 681-83 (explaining an appellant abandons a claim when, among other things, he makes only passing references to it, he raises it in a perfunctory manner without supporting arguments and authority, or the references to the issue are mere background to the appellant's main arguments or are buried within those arguments); *Timson*, 518 F.3d at 874.

Further, Chandler abandoned any challenge to the district court's determination that he did not establish an extraordinary

and compelling reason warranting a reduction in sentence based on his age under § 1B1.13(b)(2) or under the catchall provision in subsection (b)(5) by failing to raise those issues in his brief on appeal.  Instead, his only argument that the district court erred by stating the amendment to § 924(c) was not retroactive relates to his argument that he could establish an extraordinary and compelling reason for a reduction under § 1B1.13(b)(6).  Chandler, however, has failed to challenge the district court's determination that he was also ineligible for relief under § 1B1.13(b)(6) because he had not yet served ten years of his sentence, which was an independent basis for denying relief under § 1B1.13(b)(6).

In addition, the amendments to sentences under § 924(c) under section 403 of the First Step Act are not retroactive.  *Rutherford v. United States*, 146 S. Ct. 1320, 1327 (2026).  Moreover, *Rutherford* makes clear that a sentencing disparity created by the nonretroactive amendment to § 924(c) in the First Step Act cannot serve as an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A) and that § 1B1.13(b)(6) is invalid to the extent it purports to authorize such relief.  *See id*. at 1330-31, 1334-35.  Thus, Chandler's sole challenge to the district court's order on appeal fails on the merits.

Accordingly, we grant the Government's motion for summary affirmance.

**AFFIRMED.**